BENJAMIN B. WAGNER
United States Attorney
SAMUEL WONG
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2772


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) | NO. 2:11-CR-449 KJM |
| Plaintiff, | ) |  |
|  | ) | STIPULATION AND ORDER |
| v. | ) | CONTINUING STATUS HEARING |
|  | ) | RE MENTAL EXAMINATION OF |
|  | ) | DEFENDANT HOMERO LOPEZ-BARRON |
| HOMERO LOPEZ-BARRON, | ) | PURSUANT TO 18 U.S.C. § 4241 |
|  | ) | AND TO EXCLUDE SPEEDY TRIAL |
| Defendant. | ) | ACT TIME |

Whereas, Christopher Haydn-Myer, Esq., attorney for defendant Homero Lopez-Barron, reports and represents that:

  1.  Mr. Lopez-Barron's family member said that when Mr. Lopez-Barron was approximately 8-years-old, an object fell from a tree, and hit him in the head.  Since that time, Mr. Lopez-Barron has had difficulty remembering things.

  2.  Defense counsel spoke with Mr. Lopez-Barron about his head trauma, and he said that something fell from an avocado tree, while his brother was cutting the branches above him, and the object hit him in the head.  Mr. Lopez-Barron further relayed that the object stuck in his head, and his mother took it out.  Mr. Lopez-Barron was

1 unconscious for hours, and then when he awoke, he saw
2 snakes, but they were not really there, he just saw snakes.
3 According to Mr. Lopez-Barron, his family was working in the
4 mountains in Mexico, and he was never medically treated in a
5 hospital for his head injury; instead of proper medical
6 care, his mother took care of him.

7     3.   Mr. Haydn-Myer has worked with clients that have
8 been diagnosed with mental retardation.  Mr. Haydn-Myer has
9 observed that one of the common characteristics of the
10 disorder is that people with mental retardation have
11 behaviors that do not match their actual physical age,
12 crying is a good example.  Mr. Haydn-Myer observed that when
13 Mr. Lopez-Barron cries, while he is a full grown man, his
14 face begins to contort into a pout that looks exactly like a
15 7-year-old boy that is being scolded.  His lips purse, and
16 he becomes racked with convulsions, like he is aware that he
17 is about to cry, but he does not want to be punished for
18 crying, so he is attempting to "stuff" his sadness inside of
19 himself.

20    4.   Mr. Haydn-Myer needed to know if Mr. Lopez-Barron
21 is mentally retarded.  To achieve this, Mr. Haydn-Myer spoke
22 with Dr. Jeffrey Miller, and he agreed to test Mr.
23 Lopez-Barron for mental retardation.

24    5.   Mr. Haydn-Myer then spoke to Dr. Miller on
25 December 13, 2011, and Dr. Miller said that Mr. Lopez-Barron
26 is in the bottom 1-2 percent for I.Q., and an I.Q. in this
27 range would have a diagnosis of mild mental retardation.
28

1    It is hereby stipulated by and between the United States and
2 Mr. Lopez-Barron, through their respective counsel, subject to
3 the approval of the Court, that:

4    1.   The Court conduct a hearing to determine the
5    mental competency of Mr. Lopez-Barron, pursuant to 18 U.S.C.
6    § 4241(a), at a date and time to be set that is convenient
7    for the Court and the parties after the psychiatric or
8    psychological examination of Mr. Lopez-Barron is completed;
9    and

10   2.   The Court order that the Bureau of Prisons perform
11   a psychiatric or psychological examination of Mr.
12   Lopez-Barron before the hearing, pursuant to §4241(b), and
13   prepare a report containing those matters required under 18
14   U.S.C. § 4247(c).

15   3.   The Court make a nonbinding recommendation that
16   the Bureau of Prisons perform the psychiatric or
17   psychological examination of Mr. Lopez-Barron at the
18   Metropolitan Detention Center in San Diego, California.

19   4.   The Court order that the defense provide a copy of
20   any and all reports related to the psychiatric,
21   psychological, and/or mental evaluations, examinations,
22   and/or testing of Mr. Lopez-Barron, including, without
23   limitation, any report by Dr. Jeffery Miller, to the United
24   States forthwith and before the Bureau of Prisons performs
25   its psychiatric or psychological of him.

26   The parties further stipulate that:
27   1.   The presently set February 9th, 2012, at 8:30 a.m.
28   status conference date shall be vacated as to Lopez-Barron

1 only; and

2 2.   The time from the date of this stipulation, December 16, 2011, until the Court rules on Mr. Lopez-Barron's competency to stand trial shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A), and 18 U.S.C. § 3161(h)(7)(A) and(B)(iv), and Local Codes A (mental competency determination) and T4 (defense preparation).  Further, Mr. Lopez-Barron and the United States stipulate and agree that the Court shall find the ends of justice in granting the continuance in Mr. Lopez-Barron's trial outweigh the best interests of the defendant and the public in a speedy trial.

DATED: December 16, 2011            BENJAMIN B. WAGNER
                                    United States Attorney

                                    /s/ Samuel Wong

                                By: _____
                                    SAMUEL WONG
                                    Assistant U.S. Attorney

DATED: December 16, 2011

                                    /s/ Christopher Haydn-Myer

                                By: _____
                                    CHRISTOPHER HAYDN-MYER
                                    Attorney for defendant
                                    HOMERO Homero Lopez-Barron

4

ORDER

Pursuant to stipulation of respective counsel for the parties, and good cause appearing therefrom, the Court adopts the stipulation of the parties in its entirety as its ORDER.

Based on the parties' stipulation, the Court specifically finds that there is reasonable cause to believe that Mr. Homero Lopez-Barron may be presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense within the meaning of 18 U.S.C. § 4241(a).

Pursuant to § 4241(b), the defendant is referred to the Bureau of Prisons for a psychiatric or psychological examination for a reasonable period of time, not to exceed thirty days (not including time to transport the defendant), unless extended by further Court order, and report in accordance with the provisions of 18 U.S.C. § 4247(b) and (c) to assist the Court in determining the defendant's mental competence.  The Court makes a nonbinding recommendation that the Bureau of Prisons perform the psychiatric or psychological examination of Mr. Lopez-Barron at the Metropolitan Detention Center in San Diego, California.

The Court orders that the defense provide a copy of any and all reports related to the psychiatric, psychological, and/or mental evaluations, examinations, and/or testing of Mr. Lopez-Barron, including, without limitation, any report by Dr. Jeffery Miller, to the United States forthwith and before the Bureau of Prisons performs its psychiatric or psychological of him.

Under § 4247(b), the psychiatric or psychological examination shall be completed by a licensed or certified psychiatrist or psychologist.  The examining psychiatrist or psychologist shall prepare a report which shall be submitted to the Court with copies to the attorney for the United States and the attorney for the defendant, as follows:

> Hon. Kimberly J. Mueller
> United States District Judge
> 501 I Street, 15th Floor
> Sacramento, CA  95814
>
> Attorney for the United States:
> Samuel Wong
> Assistant U.S. Attorney
> 501 I Street, Room 10-100
> Sacramento, CA  95814
> (916) 554-2772
>
> Attorney for defendant:
> Chris Haydn-Myer
> Attorney at Law
> 1478 Stone Point Drive, Suite 400
> Roseville, CA 95611
> (916)622-1703

The report shall include the following information required under § 4247(c), including:

1. The defendant's history and present symptoms;

2. A description of the psychiatric, psychological, and medical tests that were employed and their results;

3. The examiner's findings; and

4. The examiner's opinions as to diagnosis, prognosis, and whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court finds that additional time is necessary for the

Bureau of Prisons to conduct its examination of Homero Lopez-Barron's mental competency, and report back to the Court and both counsel the Bureau's findings and recommendations. The Court specifically finds that: (1) the ends of justice served by the granting of such continuance outweigh the best interests of the public and defendant in a speedy trial; and (2) the failure to grant the trial continuance would deny defense counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

The Court further ORDERS that the presently set February 9, 2012, at 8:30 a.m., status conference shall be vacated as to Mr. Lopez-Barron only. The Court further ORDERS that time from the date of the parties' stipulation, December 16, 2011, and continuing until the Court rules on Lopez-Barron's competency to stand trial shall be excluded from computation of time within which the trial of this matter must be commenced under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(1)(A), and 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and Local Codes A (mental competency determination) and T4 (defense preparation). The Court finds that the ends of justice in granting the continuance in Mr. Lopez-Barron's trial outweigh the best interests of the defendant and the public in a speedy trial.

DATED: December 20, 2011.

_____
UNITED STATES DISTRICT JUDGE